LOREN J. O'TOOLE, II
O'TOOLE LAW FIRM
Attorneys at Law
209 North Main
P. O. Box 529
Plentywood, MT 59254-0529
Telephone: 406/765-1630
otoole@otoolelawmt.com

DAVID L. IRVING
Attorney at Law
PO Drawer B
110 5th Street South, Suite 110
Glasgow, MT 59230
Telephone: 406/228-2554
irvinglaw@nemont.net

ATTORNEYS FOR PLAINTIFF

**FILED**

APR 0 4 2016

Clerk, U.S District Court
District Of Montana
Great Falls

IN THE DISTRICT COURT OF THE UNITED STATES

DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| SHERRY BRINGEDAHL, Personal Representative of the Estate of David Alan Sorensen,<br><br>              Plaintiff,<br>vs.<br><br>SHERIDAN COUNTY, MONTANA, A Political Subdivision, and OFFICER SCOTT NELSON, Individually and in his Official Capacity,<br><br>              Defendants. | No. CV-16-27-GF-BMM<br><br>COMPLAINT<br><br>AND DEMAND FOR JURY TRIAL |

COMES NOW, the Plaintiff and for her cause of action states as follows:

COMPLAINT & DEMAND FOR JURY TRIAL      1

## COUNT I.
## JURISDICTION, VENUE AND PARTIES

I.

David Sorensen was domiciled in Plentywood, Sheridan County, Montana.

II.

Sherry Bringedahl is the duly appointed Personal Representative of the Estate of David Sorensen who died while incarcerated at the Sheridan County Jail at Plentywood, Montana. The Estate is filed in the Montana Fifteenth Judicial District Court, Sheridan County, Probate No. DP-46-2014-36. The matter in controversy, exclusive of interest costs and attorney fees, exceeds the sum of $75,000.

III.

This is a civil rights action against Defendant brought pursuant to 42 U.S.C. §§ 1983 and 1988. This court has jurisdiction over the action pursuant to 42 U.S.C. §1983. 42 U.S.C. §1988, and 28 U.S.C. §1343, with pendent jurisdiction over state law causes of action for damage recovery under 28 U.S.C. §1367(a). The conditions, conduct and behavior alleged herein claim violation of the United States Constitution.

IV.

Proper venue exists in the Federal Court for the District for the State of Montana under 28 U.S.C. §1391 (b) and (c).

V.

Sheridan County is a political subdivision of the State of Montana and owns and operates the Sheridan County Jail.

VI.

An Administrative Claim was submitted to the Sheridan County Clerk and Recorder on July 20, 2015 and was denied by the Sheridan County Commissioners at their meeting on August 12, 2015.

VII.

David Sorensen is the father of Paiton Sorensen (DOB 4-18-2005) and Audrey Greff (DOB 12-23-2002).

## COUNT II.
## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

VIII.

Defendant Sheridan County is the employer of the Sheridan County Sheriff and all of its staff and officer, including in particular Deputy Scott Nelson. Defendant Sheridan County is responsible for all acts committed by its agents, representatives and employees. It has the duty to assume proper staffing and training of its officers at the Jail and to assure all prisoners are safe and protected and are afforded their constitutional rights while incarcerated.

IX.

On or about October 8, 2013, a call was placed to Sheridan County Dispatch by a person **(Sierra Alred?) living in a mobile home on** Chestnut Street, Jorell Ward's residence.

X.

Deputy Scott Nelson of the Sheridan County Sheriff's Department responded to the call at Jorell Ward's residence on Chestnut Street in Plentywood, Montana.

XI.

From Mr. Ward's residence, Deputy Nelson went to David Sorensen's residence at 322 South Jackson Street in Plentywood, Montana.

XII.

Deputy Nelson took David Sorensen into custody from his residence at 322 South Jackson Street in Plentywood, Montana.

XIII.

David Sorensen had previously attempted suicide on at least two occasions.

XIV.

The Sheridan County Sheriff's Department was or should have been aware of David Sorensen's mental health history.

XV.

The Sheridan County Sheriff's Department was or should have been aware of Officer Scott Nelson's performance deficits and the training he required.

## COUNT III
## NEGLIGENCE – WRONGFUL DEATH

XVI.

Sheridan County arrested and incarcerated David Sorensen.

XVII.

Armed with the knowledge that David Sorensen was previously suicidal, special circumstances were created whereby the Defendant, Sheridan County, was on notice that David Sorensen was a threat to himself.

## XVIII.

The Defendant Sheridan County owed a duty to David Sorensen to keep him safe and to protect him from his own acts of self-destruction.

## XIX.

Defendant Sheridan County breached its duty to David Sorensen.

## XX.

The suicide of David Sorensen was a foreseeable consequence, given the information available to Sheridan County.

## XXI.

The actions and inactions of the County's employee, Deputy Scott Nelson, and his failure to act as an ordinarily prudent law enforcement officer amount to negligence by Defendant Sheridan County.

## XXII.

As a result of the breach of duty by Sheridan County, David Sorensen was able to commit and did commit suicide in the Sheridan County Jail while incarcerated there.

## XXIII.

The causes of action herein are allowed against the Defendant in these proceedings for recovery of damages because of the wrongful death of David Sorensen pursuant to the provisions of 42 U.S.C. §1983, 42 U.S.C. §1988, and Section 27-1-513, M.C.A.

### XXIV.

Plaintiff, Sherry Bringedahl, as personal representative of the Estate of David Alan Sorensen, is entitled to damages from Sheridan County for the wrongful death of David Alan Sorensen.

### COUNT IV
### NEGLIGENT ENTRUSTMENT

### XXV.

Plaintiff re-alleged Paragraphs 1 through XXIII of the Complaint as though fully set forth in this place.

### XXVI.

Officer Scott Nelson had several serious deficiencies in his job performance, both in his prior employment and while employed by Sheridan County. Sheridan County was aware of these deficiencies.

### XXVII.

The County breached its duty to keep inmates such as Defendant Sorensen safe while in the County's custody and control during his incarceration at the Sheridan County Jail by entrusting his care to Officer Scott Nelson.

### XXVIII.

The probability of injury resulting from the entrustment of the care of inmates such as Defendant Sorensen to Officer Scott Nelson was foreseeable.

## COUNT V
## SURVIVORSHIP STATUS

### XXIX.

Plaintiff re-alleges Paragraphs I through XXIII of the Complaint as though fully set forth in this place.

### XXX.

The causes of action alleged herein against the Defendant survive the death of David Sorensen pursuant to the provisions of 42 U.S.C. §1983, 42 U.S.C. §1988 and Section 27-1-501, M.C.A.

### XXXI.

David Sorensen has two surviving minor children, Paiton Sorensen and Audrey Greff.

### XXXII.

Paiton Sorensen and Audrey Greff, through their guardians, are entitled to damages for the claims of their father, David Alan Sorensen.

### XXIV.

As a proximate result of Defendant's negligence as herein before alleged, David Sorensen lived an appreciable period of time and before his death David Sorensen suffered extreme mental and physical pain and anguish. He lost the ability to enjoy the remainder of his life as he otherwise would have; these losses include but are not limited to the value of his earnings throughout his worklife expectancy. The Estate of David Alan Sorensen is entitled to an award of damages for these losses.

### XXV.

The Estate of David Alan Sorensen is entitled to an award of damages for his conscious pain and suffering.

## XXXVI.

The Estate of David Sorensen is entitled to an award of damages in an amount to be determined by the jury for these claims that survive his death.

## COUNT VI
## 42 U.S.C. SECTION 1983 VIOLATION

## XXXVII.

Plaintiff re-alleges Paragraphs I through XXVI of the Complaint as though fully set forth in this place and further alleges as follows:

## XXXVIII.

Sheridan County is a person for the purposes of applying 42 U.S.C. Section 1983.

## XXXIX.

Sheridan County does not have proper facilities or exercise proper training and supervision of employees in housing people who are suffering from mental illness or suffering from a mental disorder. Plaintiff's allegations involve Eighth Amendment deliberate indifference claims, involving both failure to protect and failure to provide medical services, against Defendant Sheridan County, a State actor, and its employees under its supervision.

## XL.

Sheridan County, acting under color of State law, made a warrantless arrest of David Sorensen and incarcerated him in the Sheridan County Jail, thereby depriving him of liberty without due process in violation of 42 U.S.C. Section 1983.

XLI.

Plaintiff claims that David Sorensen had a right to proper medical care under the Eighth Amendment to the United States Constitution. The medical care duties demanded by the Eighth Amendment are those which are reasonably designed to meet the routine and emergency health care needs of the inmate. Plaintiff claims that the Defendant herein was aware (or reasonably should have been aware) of the medical and mental condition of David Sorensen, Defendant was deliberately indifferent to his condition, which it failed to properly diagnose given inadequate screening, training and evaluation. Defendant failed to take reasonable steps in obtaining a medical history or to do a proper suicide risk intake. Further, they failed to follow their internal policy and procedure for treating and protecting the decedent.

XLII.

Plaintiff alleges that the cognitive deficiencies, psychiatric symptoms and behaviors exhibited by David Sorensen, and recorded in his medical records, are of such a nature that they should have been recognized by an adequately trained law enforcement professional.

XLIII.

David Sorensen was denied proper assessment, screening and monitoring for suicide risks, mental health issues and drug/alcohol abuse by Officer Nelson. Officer Nelson was deliberately indifferent to, and demonstrated a callous disregard for, the substantial risk of harm to David Sorensen.

XLIV.

Officer Nelson and Defendant Sheridan County by their deliberate indifference above-stated violated the Eighth Amendment rights of David Sorensen.

XLV.

The Constitutional violation was caused by the failure by Defendant Sheridan County to adequately train and supervise their employees and by the ratification of Officer Nelson's actions/failures to act.

XLVI.

This is a civil rights action involving claims appropriately justicible relating to the violation of the decedent's constitutional rights during his lifetime with allegations against the defendant both of denied medical care and of deliberate indifference to decedent's needs, care and safety while incarcerated at the Sheridan County Jail, under the jurisdiction of 42 U.S.C. §1983 and §1988 as violations of the Eighth Amendment to the United States Constitution.

XLVII.

Sheridan County Commissioners have previously been informed of deaths of inmates due to improper training of law enforcement officers and due to the failure of County law enforcement to properly screen and supervise inmates while in the custody of the Sheridan County Sheriff's Office and incarcerated at the Sheridan County Jail.

XLVIII.

Sheridan County, through its actions and inactions, violated David Sorensen's Constitutional rights and has caused damages to the Plaintiff. Plaintiff seeks actual and general damages in amounts to be proven at trial, including but not limited to, decedent's pain and suffering before death, decedent's lost earnings, including all benefits, loss of future earnings based upon the probable duration of the decedent's life had not the death occurred, decedent's loss of consortium, decedent's loss of property, and decedent's medical and burial expenses, in an amount yet to be determined.

XLIX.

The Defendant's reckless disregard for the decedent's rights, as well as the Defendant's intentional violation of federal law entitles Plaintiff to exemplary or punitive damages.

XLX.

The Court has the discretion to award attorneys' fees to a successful Plaintiff in a Section 1983 action. Plaintiff seeks an award of attorneys' fees and costs of litigation pursuant to 42 U.S.C. §1988.

WHEREFORE, HAVING FULLY SET FORTH HER COMPLAINT, PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANT ABOVE-NAMED AS FOLLOWS:

1. For such damages as will fully and fairly compensate the Plaintiff for the wrongful death of David Alan Sorensen;
2. For such damages as will fully and fairly compensate the Plaintiff for the survivorship claim;
3. For an amount of damages to be proven at trial to compensate the Plaintiff for Sheridan County's violation of David Sorensen's Constitutional rights to liberty and due process under 42 U.S.C. Section 1983;
4. For an award of attorneys' fees as permitted by law;
5. For costs of suit;
6. For punitive damages in an amount to be proved at trial; and
7. For such other and further relief as the Court deems just and equitable.

DATED this ___ day of January, 2016.

David L. Irving
Attorney at Law
Drawer B
Glasgow, MT 59230

And

O'Toole Law Firm
P. O. Box 529
Plentywood, MT 59254

ATTORNEYS FOR PLAINTIFF

BY: _____
LOREN J. O'TOOLE II

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues.

DATED this 19th day of January, 2016

_____
LOREN J. O'TOOLE II

## VERIFICATION

STATE/PROVINCE OF Montana )
                              :ss.
County of SHERIDAN         )

SHERRY BRINGEDAHL being first duly sworn on oath, deposes and says that she is the Personal Representative of the Estate of David Alan Sorensen, Plaintiff in the above-entitled proceeding; that she has read the foregoing COMPLAINT AND JURY DEMAND and knows the contents thereof; and that the matters, facts and things therein are true to the best of her knowledge and belief.

*Sherry Bringedahl*
Sherry Bringedahl

SUBSCRIBED AND SWORN to before me this 19th day of January, 2016 by

SHERRY BRINGEDAHL
(Name)

(Affix Notary Stamp)

Loren J. O'Toole II
NOTARY PUBLIC for the
State of Montana
Residing at Plentywood, Montana
My Commission Expires
June 12, 2016