Maureen H. Lennon
MACo Defense Services
2717 Skyway Drive, Suite F
Helena, MT 59602-1213
Phone (406) 441-5471
Fax (406) 441-5497
mlennon@mtcounties.org

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| SHERRY BRINGEDAHL, Personal Representative of the Estate of David Alan Sorensen,<br><br>Plaintiff,<br><br>vs.<br><br>SHERIDAN COUNTY, MONTANA, A Political Subdivision, and OFFICER SCOTT NELSON, Individually and in his Official Capacity,<br><br>Defendants. | Case No.: CV-16-27-GF-BMM<br><br>DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL |

Defendants Sheridan County and Sheridan County Sheriff's Deputy Scott Nelson, by and through their counsel, answer Plaintiff's Complaint and Demand for Jury Trial as follows:

//

## COUNT I
## JURISDICTION, VENUE AND PARTIES

1.	Answering Paragraph I, Defendants admit based on information and belief.

2.	Answering Paragraph II, Defendants are without information to admit or deny and therefore deny.

3.	Answering Paragraph III, Defendants admit this Court has jurisdiction over claims involving a federal question but deny Plaintiff has stated a claim under federal law.

4.	Answering Paragraph IV, Defendants admit this Court is the proper venue for federal claims arising in Sheridan County but deny Plaintiff has stated a claim under federal law.

5.	Answering Paragraph V, Defendants admit.

6.	Answering Paragraph VI, Defendants admit.

7.	Answering Paragraph VII, Defendants are without information to admit or deny and therefore deny.

## COUNT II
## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

8.	Answering Paragraph VIII, Defendants admit the Sheridan County Sheriff, an elected official, and Deputy Nelson are employed by the County and that Sheridan County is liable for acts committed by employees in the course and

scope of employment, subject to the exceptions provided in Montana Code Annotated Section 2-9-305.  With regard to allegations which call for conclusions of law as to legal duty, no answer is required.  To the extent an answer is required, such allegations are denied.

9.    Answering Paragraph IX, Defendants admit that Sierra Alred placed a 911 call to Sheridan County dispatch at approximately 3:30 a.m. on October 9, 2013.  Defendants further admit that the call was placed from a residence located at 213 South Chestnut Street in Plentywood, Montana.  Based on information and belief, admit that, at the time, this was the residence of Jorel Ward.

10.   Answering Paragraph X, Defendants admit.

11.   Answering Paragraph XI, Defendants admit.

12.   Answering paragraph XII, Defendants admit.

13.   Answering Paragraph XIII, Defendants are without information to admit or deny and therefore deny.

14.   Answering Paragraph XIV, Defendants deny.

15.   Answering Paragraph XV, Defendants deny.

### COUNT III
### NEGLIGENCE – WRONGFUL DEATH

16.   Answering Paragraph XVI, Defendants admit.

17.   Answering Paragraph XVII, Defendants deny.

18.   Answering Paragraph XVIII, with regard to allegations which call for

conclusions of law as to legal duty, no answer is required. To the extent an answer is required, Defendants deny they breached a duty to Plaintiff.

19. Answering Paragraph XIX, Defendants deny.

20. Answering Paragraph XX, Defendants deny.

21. Answering Paragraph XXI, Defendants deny.

22. Answering Paragraph XXII, Defendants deny.

23. Answering Paragraph XXIII, Defendants deny.

24. Answering Paragraph XXIV, Defendants deny.

## COUNT IV
## NEGLIGENT ENTRUSTMENT

25. Answering Paragraph XXV, Defendants reallege their answers to Paragraphs I through XXIV as though fully set forth herein.

26. Answering Paragraph XXVI, Defendants deny.

27. Answering Paragraph XXVII, Defendants deny.

28. Answering Paragraph XXVIII, Defendants deny.

## COUNT V
## SURVIVORSHIP STATUS

29. Answering Paragraph XXIX, Defendants reallege their answers to Paragraphs I through XXVIII as though fully set forth herein.

30. Answering Paragraph XXX, the allegations are allegations of law and require no answer.

31. Answering Paragraph XXXI, Defendants are without information to admit or deny and therefore deny.

32. Answering Paragraph XXXII, the allegations are allegations of law and require no answer. Defendants deny David Sorensen, or his heirs, suffered damages as a result of their actions.

33. Paragraph XXXIV (*sic*), Defendants deny.

34. Answering Paragraph XXV, Defendants deny.

35. Answering Paragraph XXXVI, Defendants deny.

### COUNT VI
### 42 U.S.C. SECTION 1983 VIOLATION

36. Answering Paragraph XXXVII, Defendants reallege their answers to Paragraphs I through XXXVI as though fully set forth herein.

37. Answering Paragraph XXXVIII, the allegations are allegations of law and require no answer.

38. Answering Paragraph XXXIX, to the extent the allegations are allegations of law, they require no answer. Defendants deny the remaining allegations.

39. Answering Paragraph XL, to the extent the allegations are allegations of law, they require no answer. Defendants admit David Sorensen was properly arrested without a warrant and that he was placed in the detention center, which is a temporary-hold facility. The remaining allegations are denied.

40. Answering Paragraph XLI, to the extent the allegations are allegations of law, they require no answer.  Defendants deny the remaining allegations.

41. Answering Paragraph XLII, Defendants are without information to admit or deny these allegations and therefore deny.

42. Answering Paragraph XLIII, Defendants deny.

43. Answering Paragraph XLIV, Defendants deny.

44. Answering Paragraph XLV, Defendants deny.

45. Answering Paragraph XLVI, to the extent the allegations are allegations of law, they require no answer.  Defendants deny the remaining allegations.

46. Answering Paragraph XLVII, based on information and belief, Defendants deny.  At least one member of the current Board of Commissioners is aware that a lawsuit was filed after a jail suicide in 1998 but has no specific knowledge of or recollection of the allegations in that lawsuit.  Defendants specifically deny there have been "deaths of inmates due to improper training of law enforcement officers and due to the failure of County law enforcement to properly screen and supervise inmates while in the custody of the Sheridan County Sheriff's Office and incarcerated at the Sheridan County Jail."

47. Answering Paragraph XLVIII, Defendants deny.

48. Answering Paragraph XLIX, Defendants deny.

49. Answering Paragraph XLX, to the extent the allegations are allegations of law, they require no answer. Defendants deny the remaining allegations.

All allegations not specifically admitted herein are denied.

## First Affirmative Defense

Plaintiff's Complaint fails to state a claim against Defendants upon which relief may be granted.

## Second Affirmative Defense

Defendants conformed to all applicable duty or duties, thus barring Plaintiff's claims.

## Third Affirmative Defense

No act or omission of Defendants subjected or caused David Sorensen to be deprived of federal rights, privileges, or immunities.

## Fourth Affirmative Defense

The injuries allegedly sustained or suffered by David Sorensen were proximately caused or contributed to by his own negligence or that of third parties unrelated to Defendants, and such negligence exceeds any negligence of Defendants. In the event David Sorensen's negligence and/or the negligence of third parties unrelated to Defendants is compared with that of Defendants, if any,

any such damages for injuries should be reduced in proportion to the negligence of David Sorensen or third parties unrelated to Defendants.

### Fifth Affirmative Defense

No acts or omissions of Defendants were the cause in fact or the legal cause of any damage or injury alleged in Plaintiff's Complaint.

### Sixth Affirmative Defense

David Sorensen's intentional actions and/or the actions of Plaintiff or third parties unrelated to Defendants were the superseding and intervening cause of any damages allegedly sustained or suffered by David Sorensen and/or Plaintiff, if any.

### Seventh Affirmative Defense

Plaintiff's claims are offset or barred by the failure of David Sorensen to take reasonable care to minimize or to otherwise mitigate the damages alleged in this case.

### Eighth Affirmative Defense

Damages under state law, if any, are limited as set forth in Montana Code Annotated §§ 2-9-105, 2-9-108, 2-9-305, 2-9-314, and 2-9-317.

### Ninth Affirmative Defense

To the extent that David Sorensen suffered from or had any pre-existing conditions, any damages or injury attributable to such pre-existing conditions are not the responsibility of Defendants.

### Tenth Affirmative Defense

Plaintiff's claim is barred by the applicable statute of limitations.

### Eleventh Affirmative Defense

Some or all of Plaintiff's claims are barred by the public duty doctrine.

### Twelfth Affirmative Defense

Defendant Nelson did not act in a manner that constituted deliberate indifference to federal constitutional rights and there is no basis for liability against him. 42 U.S.C. §1983.

### Thirteenth Affirmative Defense

Defendant Nelson is entitled to immunity or qualified immunity.

### Fourteenth Affirmative Defense

Sheridan County did not maintain a custom, policy, or practice which resulted in the deprivation of David Sorensen's constitutional rights and, therefore, is not liable under 42 U.S.C. §1983.

### Fifteenth Affirmative Defense

Defendant Nelson is not subject to an "official capacity" claim.

### Sixteenth Affirmative Defense

Defendants are immune from punitive damages claims under 42 U.S.C. §1983, Montana Code Annotated Section 2-9-105, the Montana Constitution and the United States Constitution.

## **Applicability of Affirmative Defenses**

Defendants reserve the right to amend their Answer to add additional affirmative defenses that become known through the course of discovery. Defendants asserted the foregoing affirmative defenses based upon information and belief that they are or may be applicable to the present claim being presented by Plaintiff. In the event the affirmative defenses are not legally or factually warranted, any such inapplicable affirmative defenses will be voluntarily withdrawn at the close of discovery. Likewise, any additional affirmative defenses which become known through the course of discovery will be asserted.

WHEREFORE, Defendants pray for relief as follows:

1. That Plaintiff take nothing by way of her Complaint and that the Defendants be dismissed with prejudice;

2. For costs and attorney fees incurred in the defense of this matter; and

3. For such other and further relief as the Court deems appropriate.

DATED this 4th day of May, 2016.

                                          MACo Defense Services

                                          /s/ Maureen H. Lennon
                                          Maureen H. Lennon

//

## **DEMAND FOR JURY TRIAL**

Defendants demand a trial by jury of all issues so triable.

DATED this 4th day of May, 2016.

                                                MACo Defense Services

                                                /s/ Maureen H. Lennon
                                                Maureen H. Lennon