LOREN J. O'TOOLE, II
O'TOOLE LAW FIRM
Attorneys at Law
209 North Main
P. O. Box 529
Plentywood, MT  59254-0529
Telephone:  406/765-1630

DAVID L. IRVING
Attorney at Law
PO Drawer B
110 5th Street South, Suite 110
Glasgow, MT  59230
Telephone:  406/228-2554

ATTORNEYS FOR PLAINTIFF

IN THE DISTRICT COURT OF THE UNITED STATES

DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| SHERRY BRINGEDAHL, Personal Representative of the Estate of David Alan Sorensen,<br><br>                Plaintiff,<br>vs.<br><br>SHERIDAN COUNTY, MONTANA, A Political Subdivision, and OFFICER SCOTT NELSON, Individually and in his Official Capacity,<br>                Defendants. | Cause No. CV-16-27-GF-BMM<br><br>PLAINTIFF'S PRELIMINARY<br><br>PRETRIAL STATEMENT |

Pursuant to District Court Local Rule 16.2(b)(1) and the Court's Order dated May 4, 2016, Plaintiff submits this Preliminary Pretrial Statement.

A. FACTUAL OUTLINE

The Plaintiff is the personal representative and court-appointed guardian of the daughter of David Alan Sorensen. On or about October 8, 2013, David Sorensen was at his home located at 322 South Jackson Street in Plentywood, Sheridan County, Montana.

Officer Scott Nelson went to the house after responding to a call placed by Sierra Allred who was at Jorell Ward's residence on South Chestnut Street at about 3:30 a.m. A disturbance had been reported.

Sorensen, who had been living in Plentywood and was being monitored by a Probation and Parole Officer, surrendered himself to Officer Scott Nelson. Officer Nelson detained and handcuffed David Sorensen and transported him to the Sheridan County Jail where he was incarcerated. There was no citation. No search warrant had been issued. Sorensen's behavior was erratic, loud and demonstrated anxiety consistent with severe impairment associated with drug use.

At the Jail, Officer Nelson made a determination that Sorensen had not been drinking, but did no assessment regarding other dangerous drugs though he had been monitoring Sorensen since his return to Plentywood on a regular basis for suspected drug use. At the jail, Nelson gave Sorensen an undetermined amount of

Valium without ascertaining what other substances Sorensen had ingested. Sorensen, a Vietnam Veteran, had previously been diagnosed with PTSD. At approximately 5:30 a.m. Sorensen was placed in Cell 6 at the Sheridan County Jail. Cell 6 is not a secure environment. It has virtually no audio or video monitoring capability. Except for the monitored cell near the intake area, the Jail is not otherwise equipped with any holding facility or cell specially equipped for holding for mentally ill patients. There were no other inmates.

Just before his hanging, Sorenson buzzed the dispatcher on duty saying he needed to see someone. After Sorenson called dispatch, the dispatchers radioed Nelson who was outside the building in the parking lot. At the inquest, Nelson testified he went out for 15-20 minutes to "cool down" and check on the damage to his patrol car. Nelson was the only jailer on duty, and he was going off shift (his shift was up at 6:00 a.m.). A long time passed before Nelson went back into the building to respond to Sorenson's request. He went back at approximately 6:17. By that time, David had hanged himself. Nelson did not immediately cut David's body down or take any life-saving measures. Nelson acted as though he was in no hurry and otherwise demonstrated a complete and callous disregard of Sorenson's life. At approximately 6:23 EMT's arrived and took Sorensen down.

Officer Nelson testified at the inquest that he had made several of his decisions based upon his prior experience with David Sorensen. David had been at

Plentywood jail when he was 18, and then again after his first parole violation – he was in a bar. He was also at the Plentywood jail after his second parole violation before he was shipped to Glasgow Detention Center. So this would be his third probation/ parole violation, a serious matter for Sorensen. David believed he'd been arrested, had another violation and was going back to prison for the rest of his life.

At the Jail, after some preliminary questions in the booking area that were recorded on the Jail's video equipment, Officer Nelson took Sorensen into a small room where there was no camera or other audio/video recording equipment. The Jail's recording system indicates that they were in the room together alone for approximately 22 minutes.

Officer Nelson filled out some – but not all – of the questions on the Suicide Intake Form. Several areas that are part of the suicide intake protocol were not addressed. Without that information a low risk score was achieved by Officer Nelson. David Sorensen had attempted suicide on at least two prior occasions. Although this was part of his records maintained by law enforcement, this was not indicated on the intake form.

Officer Nelson testified at the inquest that Sorensen had told him he did not want to be placed/held in the small cell on the main floor that had monitoring equipment because he did not want to be watched. Without regard for the

regulations and safety practices to be followed by a 72-hour temporary holding facility managing a detainee with erratic and potentially harmful behaviors, Sorensen was put in Cell 6 which could not be monitored where he survived for less than an hour.

Officer Scott Nelson was particularly unsuitable as a person to whom the County might entrust the care and supervision of inmates such as David Sorensen. Sheridan County was aware of deficiencies in Officer Nelson's job skills, judgment and job performance both at his prior employment and during the time of his employment by Sheridan County Law Enforcement.

The Sheridan County Sheriff's Department was (or should have been) aware of David Sorensen's mental health history. The Sheridan County Sheriff's Department was aware of Officer Nelson's previous performance as a law enforcement officer and had failed to properly train and supervise him given obvious performance deficiencies. The Sheridan County Sheriff's Department was on particular notice of the requirements for detaining people with mental health and/or chemical dependence histories and of the seriousness of appropriate supervision, intake information-gathering procedures at intake and monitoring given prior suicides at that facility.

The Sheridan County Jail is a 72-hour detention facility. The County's duty to keep inmates safe during that limited period of detention prior to transport

requires the enforcement of specific protocols; it was reasonable to expect that the County could maintain the minimum requisite levels of training for its employees. Officer Scott Nelson was the only one on duty that morning. Yet he left the area unsupervised at the time of Sorensen's death even though at the end of his shift additional personnel would soon be available.

B. FEDERAL JURISDICTION & VENUE

The federal court has jurisdiction over all claims arising under 42 U.S.C. Section 1983. Plaintiff has made such a claim. The federal court has pendent jurisdiction of the additional claims for negligence, wrongful death, and survivorship as these claims arise out of the same cause of action as the 1983 claim. Proper venue exists in the Great Falls Division.

C. FACTUAL BASIS FOR EACH CLAIM

Plaintiffs have advanced four claims as follows

1. <u>Negligence/Wrongful Death</u>

Defendant Nelson arrested and incarcerated David Sorensen in the Sheridan County Jail. At the time of the arrest, Defendants had in their possession Sorensen's probation files and medical records, as well as employment records of Officer Nelson. At the time of Sorensen's arrest, law enforcement officials were aware that Officer Nelson required additional training by virtue of deficiencies in law enforcement practice skills and knowledge. By taking David Sorensen into

custody and incarcerating him, Sheridan County owed David Sorensen a duty to keep him safe and to protect him. Sheridan County breached its duty to David Sorensen by incarcerating him in an inadequate facility, by failing to properly train and supervise law enforcement officials, by failing to properly screen him for mental illness and suicidal ideation, and by failing to keep adequate observation of David Sorensen. These wrongful acts led to the wrongful death of David Sorensen.

2. Negligent Entrustment

Defendant Sheridan County knew of deficiencies in the job performance, both his prior employment and during his employment with Sheridan County, and the deficiencies in the judgment of Officer Scott Nelson. The County breached its duty of care to David Sorensen when entrusting his care to Officer Nelson because Nelson's supervisors knew, or had reason to know, was unfit to exercise the skill and judgment required to keep inmates, such as Sorensen, safe. Thus, the County was aware that leaving Nelson in charge of the jail was likely to cause injury to inmates, such as Sorensen, in his custody.

3. Survivorship

David Sorensen has two surviving minor children. Interrelated to the wrongful death claim set forth above is a survivorship claim. David Sorensen

survived his injuries for an appreciable period of time. David Sorensen's estate and his survivors have claims against the Defendant.

4. <u>42 U.S.C. Section 1983 Violation</u>

Sheridan County is a person for the purpose of 42 U.S.C. Section 1983.

Sheridan County does not maintain proper facilities or follow proper procedure when housing people who are suffering from mental illness. It does not properly supervise its employees to ensure inmates' safety under the Eighth Amendment and other constitutional rights. Sheridan County, acting under color of state law, made a warrantless arrest of David Sorensen and incarcerated him in the Sheridan County Jail, thereby depriving him of liberty without due process. David Sorensen was denied medical treatment he needed.

D. LEGAL THEORY UNDERLYING EACH CLAIM

1. <u>Negligence/Wrongful Death</u>

   The wrongful death claim is based upon M.C.A. Section 27-1-513 that the neglect and wrongful acts of the Defendants led to David Sorensen's death.

2. <u>Negligent Entrustment</u>

   The negligent entrustment claim is based upon the County's decision to entrust inmates to the care and custody of Officer Scott Nelson given its knowledge of his inability to perform duties required of a law

enforcement officer. This decision breached the County's duty of care and was likely to cause injury to inmates such as Sorensen.

3. <u>Survivorship Claim</u>

The survivorship claim is based upon M.C.A. Section 27-1-501 that requires this claim to be brought at the same time as the wrongful death claim.

4. <u>Civil Rights/Constitutional Claims - 42 U.S.C Section 1983 Violation</u>

This claim is based upon the legal theory that David Sorensen's constitutional rights of liberty, due process and Eighth Amendment rights were violated as set forth in 42 U.S.C. Section 1983.

E. COMPUTATION OF DAMAGES

A computation of David Sorensen's work life earnings reduced to present value.

An amount of damages for pain and suffering.

An amount of damages for the wrongful death of David Sorensen.

An amount of damages for the support of David Sorensen's children.

No computations have been calculated at this time.

F. PENDENCY OF RELATED STATE/FEDERAL LITIGATION

No related State or federal litigation is pending except for the probate: In the Matter of the Estate of David Alan Sorensen filed in Sheridan County, Cause No. Probate No. DP-46-2014-36.

G. PROPOSED STIPULATIONS OF FACT

In addition to the Statement of Stipulated Facts dated June 15, Plaintiff proposes the following additional stipulations of fact: None.

H. DEADLINES RELATING TO JOINDER OF OTHER PARTIES AND AMENDMENT OF PLEADINGS

Plaintiff would appreciate an opportunity to conduct some discovery into events concerning the arrest and incarceration of David Sorensen prior to the deadlines for joinder of parties and amendment of pleadings. Plaintiff proposes August 31, 2017 as the deadline for joinder.

I. CONTROLLING ISSUES OF LAW WHICH THE PARTY ANTICIPATES PRESENTING FOR PRETRIAL DISPOSITION

Plaintiff is unaware of any controlling issue of law subject to pretrial disposition at this time. However, Plaintiff will request that the findings and rulings in the matter known as <u>Estate of Brian Marsh v. Sheridan County Montana</u>, Federal District Court, Billings Division, Cause No. CV-99-105-BLG-RWA, be considered as legal precedent.

J. INDIVIDUALS WITH DISCOVERABLE INFORMATION

Sherry Bringedal is David's mother who currently resides in Saskatchewan, Canada. She can be contacted through counsel. She knows facts about her son's life and his children, as well as his medical and psychological history and certain facts regarding his death.

Bryce Bringedal is David's step-father who also resides in Saskatchewan, Canada. He can be contacted through counsel. He knows facts about David's life as well as his medical and psychological history and certain facts regarding his death.

Dr. Susan Grentz is the medical doctor who prescribed medication(s) for David Sorensen.

Probation Officer Michelle Helgeson, Sidney Montana, 406/480-7087. Also Parole Officer Lloyd Dopp, Helena, Montana

Gretchen Ulrickson was a dispatcher in October, 2013. She resides in Plentywood, Montana. There are other dispatchers who Plaintiff will identify through the course of discovery.

Sheridan County Coroner, Dave Fulkerson, 115 West Third Avenue, Plentywood, MT 59254. Phone 765-1010. Fulkerson was present at the scene of David's death and made the pronouncement. He was present at David's autopsy. Mr. Fulkerson has possession of certain documents, photographs and other items related thereto.

Brad Berry, Plentywood, Montana, is one of the U.S. Border Patrol officers who was at the Sheridan County Jail during the intake at the time when David Sorensen was being booked at the Sheridan County Jail

Sheridan County Deputy Scott Nelson. Sheridan County Sheriff's Department, 100 West Laurel Avenue, Plentywood, Montana 59254. Phone 765-1200. Deputy Nelson was present for the events leading up to and at the time of the arrest of David Sorensen. He was the person who did the intake at the Sheridan County Jail and who had (or had access to) information concerning Sorensen's probation and parole.

Sheridan County Sheriff Heidi Williamson, Sheridan County Sheriff's Department, 100 West Laurel Avenue, Plentywood, MT 59254. Phone 765-1200. Sheriff Williamson is in possession of (or has access to) Deputy Nelson's personnel file, his prior employment records and his job performance evaluations, including prior performance evaluations while employed by Yellowstone County and others.

Sheridan County Undersheriff John Anderson. Anderson went to the jail facility on the day of Sorensen's death. He may have been involved in securing/preserving the scene at the time of the death. He was also involved in the process of downloading/recording video evidence at the jail.

K.   INSURANCE

Plaintiffs have no insurance covering the death of David Sorensen.

L.   SETTLEMENT

There have been no settlement discussions. Plaintiff believes the case should be mediated at the close of discovery.

M.   SUITABILITY OF SPECIAL PROCEDURES

Plaintiff does not object to appearing before the federal magistrate on any matter, including trial. The Plaintiff would not object to being on an expedited trial docket.

DATED this 16th day of June, 2016.

    David L. Irving
    Attorney at Law
    Drawer B
    Glasgow, MT 59230

    And

    O'Toole Law Firm
    P. O. Box 529
    Plentywood, MT 59254

    ATTORNEYS FOR PLAINTIFF

BY: ____/s/ Loren J. O'Toole II_____
      LOREN J. O'TOOLE II